**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000030**
**16-JAN-2019**
**07:57 AM**

NO. CAAP-18-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE4
AKA DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE4,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE4,
Plaintiff-Appellee,
v.
FRELYN CESAR SANTELLA SIRUNO; AGNES SONIDO SIRUNO,
Defendants-Appellants
and
EWA BY GENTRY COMMUNITY ASSOCIATION,
Defendant-Appellee,
and
DOES 1 THROUGH 20, INCLUSIVE,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2325)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Frelyn Cesar Santella Siruno and
Agnes Sonido Siruno (**collectively the Sirunos**), *pro se*, appeal
from the "Judgment [on the Order Confirming Sale]" (**Judgment
Confirming Sale**) entered pursuant to the "Order Approving
Commissioner's Report and Granting Plaintiff's Motion for
Confirmation of Foreclosure Sale, Allowance of Costs, Commissions
and Fees, Distribution of Proceeds, Directing Conveyance and For

Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and For Writ of Possession/Ejectments" (**Order Confirming Sale**), both filed on December 19, 2017.  The Judgment Confirming Sale was entered in the Circuit Court of the First Circuit (**circuit court**)[1] in favor of Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2006-HE4 aka Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006-HE4 (**Deutsche Bank**).

The Sirunos also seek to appeal from the circuit court's denial of "Defendants, Frelyn Cesar Santella Siruno and Agnes Sonido Sirunos' Motion to Vacate or Set Aside All Prior and New Orders, Decrees, Judgments; Motion to Dismiss Pursuant to HRCP§60(b)(3) & (4), Rule 55(b)" (**Motion to Vacate**).  However, the record on appeal does not contain an appealable order by the circuit court regarding the Motion to Vacate.[2]

The Sirunos attempt to challenge the "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and For Interlocutory Decree of Foreclosure Filed January 23, 2015" (**Order Granting Summary Judgment**) and corresponding Judgment (**Judgment on the Decree of Foreclosure**),

---

[1]  The Honorable Jeannette H. Castagnetti presided over the hearings related to the Order Confirming Sale, Judgment Confirming Sale, and the Sirunos' Motion to Vacate.

[2]  The record on appeal only contains a December 13, 2017 "minute order" entered by the circuit court indicating that it intended to enter a post-judgment order denying the Siruno Appellants' September 21, 2017 Motion to Vacate.  In any event, the Sirunos' challenge to the circuit court's denial of the Motion to Vacate is without merit.  In their Motion to Vacate, the Sirunos appear to assert that the Judgment on the Decree of Foreclosure is void because Deutsche Bank did not establish its standing to prosecute the instant foreclosure action, and because the Sirunos were not given notice of the circuit court's entry of Judgment.  However, where a party fails to timely appeal from a foreclosure judgment, a subsequent challenge to the plaintiff's standing does not render the foreclosure judgment void under HRCP Rule 60(b)(4).  Nationstar Mortg. LLC v. Akepa Props LLC, No. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468, at *2 (Hawai'i App. Apr. 19, 2017). Further, as discussed infra, the record indicates the Sirunos were given notice of entry of the foreclosure judgment in this case.

2

both entered on June 14, 2016 in favor of Deutsche Bank.[3] However, we lack appellate jurisdiction to review the Judgment on the Decree of Foreclosure (and the underlying Order Granting Summary Judgment) because the Sirunos failed to timely appeal from that judgment pursuant to Rule 4(a)(1) of the Hawaii Rules of Appellate Procedure (**HRAP**).

From what we can discern from their opening brief in this appeal, the Sirunos assert the following: (1) that Deutsche Bank lacked standing to prosecute the instant foreclosure action because it failed to establish that it possessed the promissory note (**note**) at the commencement of the case; (2) that the Assignment of Mortgage from the original lender New Century Mortgage Corporation (**New Century**) was invalid because New Century had a pending bankruptcy case when the Assignment of Mortgage was executed and recorded; (3) that the Sirunos were not provided with notice that the servicing rights to the subject loan had been transferred to Specialized Loan Servicing LLC; (4) that the instant foreclosure action was filed prematurely because the Sirunos' loan modification applications were still being reviewed when Deutsche Bank had filed its complaint; (5) that the instant foreclosure action should be dismissed for failure to state a cause of action and failure to comply with conditions precedent in both the note and mortgage, and; (6) that the Sirunos were precluded from filing a timely appeal of the Order Granting Summary Judgment and Judgment on the Decree of Foreclosure because they were not provided with notice of its entry.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Sirunos' points of error as follows, and affirm.

---

[3] The Honorable Bert I. Ayabe presided over the hearings related to the Judgment on the Decree of Foreclosure and Order Granting Summary Judgment.

3

We first note that the Sirunos' contention that they were precluded from appealing the circuit court's Judgment on the Decree of Foreclosure, because they were not provided timely notice of its entry, is unsupported by the record. The record indicates that notice was given to the Sirunos through the circuit court clerk's "Notice of Entry of Judgment", which was filed on June 14, 2016, the same day that the Judgement on the Decree of Foreclosure was entered. The clerk's Notice of Entry of Judgment indicates it was mailed to the Sirunos at their address of record in this case. The Sirunos fail to provide any basis to refute that notice was given to them through the clerk's "Notice of Entry of Judgment", and they do not cite to any part of the record that would evince a contrary conclusion. Accordingly, we conclude the Sirunos's contention in this regard lacks merit.

The Sirunos' other arguments challenge Deutsche Bank's right to foreclose on the subject property, which are challenges to the Judgment on the Decree of Foreclosure. However, these arguments are barred by the doctrine of res judicata given that the Sirunos failed to appeal from the Judgment on the Decree of Foreclosure. See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 304 P.3d 1192 (2013).

The primary statute that authorizes a party to appeal a foreclosure action is Hawaii Revised Statutes (**HRS**) § 667-51(a)(2016).[4] As the Supreme Court of Hawaiʻi has explained,

---

[4] HRS § 667-51(a) provides:

> [§667-51] **Appeals.** (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1)  A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
>
> (2)  A judgment entered on an order confirming the sale of the foreclosed property, if the circuit

4

"[u]nder HRS § 667-51, foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and order of sale appealable pursuant to HRS § 667-51(a)(1) and (2) all other orders that 'fall within the second part of the bifurcated proceedings.'" Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 372, 390 P.3d 1248, 1259 (2017) (quoting Wise, 130 Hawai'i at 16, 304 P.3d at 1197). Under such bifurcated proceedings, the judgment of foreclosure "finally determines the merits of the controversy[,]" whereas, all subsequent proceedings "are simply incidents to its enforcement." Wise, 130 Hawai'i at 16, 304 P.3d at 1197 (quoting MDG Supply, Inc. v. Diversified Investments, Inc., 51 Haw. 375, 380, 463 P.2d 525, 528 (1969)). As such, "orders confirming sale are separately appealable from the decree of foreclosure, and therefore fall within the second part of the bifurcated proceedings." Wise, 130 Hawai'i at 16, 304 P.3d at 1197. The doctrine of res judicata precludes foreclosure defendants from raising defenses at the confirmation of sale stage of the proceedings that could have been raised in the earlier foreclosure proceedings. Id. at 17-18, 304 P.3d at 1198-99.

Here, the Sirunos failed to appeal the Judgment on the Decree of Foreclosure and thus that judgment is final. See id. at 17, 304 P.3d at 1198. The Sirunos are precluded from raising issues in the instant appeal that are not unique to the confirmation of sale proceedings. Id.

court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and

(3)  A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Therefore, IT IS HEREBY ORDERED, that the Judgment entered by the Circuit Court of the First Circuit on December 19, 2017, is affirmed.

DATED:  Honolulu, Hawai'i, January 16, 2019.

On the briefs:

Frelyn Cesar Santella Siruno,
Agnes Sonido Siruno,
Defendants-Appellants, *pro se*

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge